NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11886

CARA RINTALA  vs.  COMMONWEALTH.


January 14, 2016.


Homicide.  Practice, Criminal, Indictment, Double jeopardy.  Constitutional Law, Double jeopardy.  Supreme Judicial Court, Superintendence of inferior courts.


Cara Rintala appeals from a judgment of a single justice of this court denying her petition for relief under G. L. c. 211, § 3.  Rintala has been charged with murder in the first degree in the death of her wife.  Two jury trials on this charge have taken place in the Superior Court, each ending in a mistrial after the jury were unable to reach a unanimous verdict.  After the second trial, Rintala moved to dismiss the indictment on the ground that retrial was barred by double jeopardy principles because the evidence presented at her second trial was insufficient to warrant a conviction.  The judge, who had presided at both trials, denied the motion.  Rintala's G. L. c. 211, § 3, petition followed.  We affirm the judgment.

We have reviewed the record, including the transcript of the second trial, in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  Without detailing the evidence that was presented over numerous days of trial, we agree with the single justice that the evidence against Rintala was sufficient to permit the jury to conclude that she strangled the victim in the basement of their house.  Based on the state of the victim's body at the time she was found by first responders, the testimony of the Commonwealth's medical expert, the activity on the victim's cellular telephone (and the abrupt stoppage thereof), and Rintala's own statements, the jury could rationally conclude

that, at the time that the victim was killed, she and Rintala were the only adults in the house. There was also evidence suggestive of an attempt to compromise the crime scene shortly before first responders arrived, of a tumultuous relationship between Rintala and the victim, and of Rintala's consciousness of guilt. Because the evidence was sufficient to warrant a conviction, Rintala may be retried without violating her rights against being subjected to double jeopardy. The single justice neither erred nor abused her discretion by denying relief.

<u>Judgment affirmed</u>.

<u>David P. Hoose</u> for the petitioner.
<u>Steven E. Gagne</u>, Assistant District Attorney (<u>Jennifer H. Suhl</u> with him) for the Commonwealth.